INDIANA SOUTHWESTERN GAS AND UTILITIES CORPORA-
TION *v.* FIRST NATIONAL BANK OF VINCENNES ET AL.

[No. 15,234.   Filed February 18, 1936.]

*Padgett & Padgett* and *Hays & Hays,* for appellant.

*Kessinger, Hill & Arterburn* and *W. Paul Stratton,* for appellees.

WIECKING, J.—This action was by a complaint in one paragraph in which the appellant seeks to recover a judgment for $12,500.00, being a part of the sum of $52,500.00 deposited in escrow by appellant in appellee bank and alleged by appellant to have been disbursed by appellee without authority. The appellee filed an answer in general denial. The case was submitted to the court without intervention of a jury and upon request the court made a special finding of facts and stated conclusions of law thereon. The appellant excepted to each conclusion of law. Appellant also filed a motion for new trial which was overruled by the court, and now prosecutes this appeal assigning as error that the court erred

(1) in its first conclusion of law; (2) in its second conclusion of law; and (3) in overruling the appellant's motion for a new trial.

The appellant, in its brief, does not state any propositions of law or cite any points and authorities in support of its third assignment of error, that the court erred in overruling appellant's motion for new trial. By failing to present such error the appellants have waived it under Clause 5 of Rule 21 of the rules of this court.

The other two assigned errors will be treated together. They present a single question, that is whether the special finding of facts support the conclusions of law stated by the court.

On December 6, 1930, the appellant sent to the appellee bank by one Joseph E. Bauer a certified check in the sum of $52,500.00. Upon the back of the check was endorsed the following: "to be deposited in escrow and disbursed in accordance with letter of instructions attached hereto." No letter of instruction was attached to the check. On December 8, 1930, and before appellee bank received the check, the said appellee received a telegram from the attorney for the appellant in New York City, which read as follows:

"You are authorized to distribute fifty-two thousand five hundred dollars delivered to you by J. E. Bauer in accordance with his instructions."

After the receipt of such telegram by appellee bank, J. E. Bauer, Wallace B. Pardoe, and another person subsequently introduced to the officers of appellee as H. F. Newlans came to the bank shortly before closing hours. At that time Joseph E. Bauer told the officers of the bank to disburse the money in accordance with Mr. Pardoe's instructions Mr. Pardoe then, in the presence of Mr. Bauer, told the officers of the bank to pay $40,000.00

out of the proceeds of the check to the Shell Petroleum Corporation and to pay the balance, or $12,500.00, to the person introduced as H. F. Newlans, who was also present. Some days later, after the check was cleared, the proceeds of the check were paid out by the appellee bank as instructed in that conversation.

The appellant contends that under the facts as stated, the money was not disbursed by appellee bank in accordance with the terms of the telegram of December 8, 1930. That such money was not disbursed in accordance with the instructions of Joseph E. Bauer but that the money was paid out on the instructions of Mr. Pardoe. That Bauer was a special agent and could not appoint a sub-agent and in so doing exceeded his authority.

We agree with the general statement of law in appellant's brief that "no rule of law of agency is better settled than that where an agent has authority to do a particular thing, he must do it himself. He cannot, unless specially authorized, or in pursuance of some usage, delegate his authority to another," but we cannot agree that the facts as found by the court bring this case squarely within the rule.

The court, after finding all of the facts set out above, in his special finding No. 18, found as an ultimate fact that the money "was disbursed by it (appellee bank) in accordance with the directions given to it by the said J. E. Bauer, as named in the telegram, mentioned in finding number 10, and by Wallace B. Pardoe, as directed by the said J. E. Bauer."

Joseph E. Bauer was present and heard Pardoe direct the disbursement. If he had directed that all the money be given to Pardoe, this controversy could not have arisen or if Bauer himself had said to pay $40,000.00 to the Shell Petroleum Corporation and $12,500.00 to H. F. Newlans there would be no contention on the part of

the appellant that the disbursement had not been made according to instructions.

We do not agree that J. E. Bauer appointed Pardoe as his sub-agent. In our opinion the whole matter was one transaction. Bauer was present and acquiesced. Had the officers of the bank simpliy asked Bauer if those were his instructions and he had replied in the affirmative, there could be no contention, and we are unable to draw any different conclusion from Bauer's silence and failure to protest.

It must also be observed that appellant raises no question about the disbursement of the $40,000.00 to the Shell Petroleum Corporation in payment for certain oil properties, the contract for which was in escrow with appellee bank, which disbursement was directed at the same time and in the same manner.

We find no error in the conclusions of law as stated by the trial court upon the special finding of facts.